# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOHN W. EDWARDS,**
**Claimant Below, Petitioner**

**FILED**

June 26, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0400** (BOR Appeal No. 2053502)
               (Claim No. 2011025028)

**SELCO CONSTRUCTION SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John W. Edwards, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Selco Construction Services, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is additional compensable conditions. The claims administrator denied the addition of right shoulder rotator cuff tear, cervical spine pain, and neuropathy to the claim on January 10, 2018. The Office of Judges modified the decision in its October 9, 2018, Order to add rotator cuff tear to the claim and affirmed the remainder of the decision. The Order was affirmed by the Board of Review on March 26, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Edwards, a laborer, was injured in the course of his employment on January 17, 2011. In an Employees' and Physicians' Report of Injury, he stated that he was injured when he tripped over some wires and fell out of a truck. Mr. Edwards was treated at Beckley Appalachian Regional Hospital and was diagnosed with injuries to his right shoulder, elbow, and wrist as well as his back. The claim was held compensable for lumbar sprain/strain, wrist sprain/strain, elbow/forearm sprain/strain, and dislocated shoulder.

1

On February 1, 2011, Mr. Edwards sought treatment from Nathan Doctry, M.D., and reported right shoulder and right sided neck pain with numbness and tingling in the right arm and shoulders. Dr. Doctry diagnosed cervical sprain, right rotator cuff injury/internal derangement, and brachial plexus neuritis. A right shoulder MRI was performed on February 11, 2011, and showed a rotator cuff tear, a bone contusion of the head of the humerus, and bicipital tendonitis. In a February 18, 2011, follow-up, Dr. Doctry diagnosed rotator cuff tear and brachial plexus neuritis. Mr. Edwards underwent rotator cuff repair surgery on March 9, 2011.

On March 23, 2011, Dr. Doctry noted that Mr. Edwards reported pain in his shoulder with spasms. He also reported right-sided neck pain. He was undergoing physical therapy. On June 8, 2011, the claimant reported popping in his shoulder and that he was unable to lift his shoulder. Dr. Doctry opined that his prognosis was poor and that it appeared that Mr. Edwards was not motivated to improve.

Mr. Edwards sought treatment from Farrington Family Medical Center on July 26, 2011, for right shoulder pain. On examination, he had decreased range of motion and crepitation on examination. Mr. Edwards reported that he was seeking a second opinion because his employer had called four times asking for a work-release.

Mr. Edwards returned to Dr. Doctry on August 2, 2011, and reported a grinding sensation in his shoulder and numbness in the right side of his face. Dr. Doctry stated that he could lift Mr. Edwards's shoulder, but Mr. Edwards claimed that he could not hold his arm up by himself. Dr. Doctry opined that the grinding sensation was likely secondary to stitches. Dr. Doctry further opined that Mr. Edwards's prognosis was extremely poor. A right shoulder MRI showed a recurrent rotator cuff tear on August 14, 2011.

On August 22, 2011, Mr. Edwards had a consultation with Francis Walker, M.D., for right shoulder/arm pain. Dr. Walker found that his symptoms could be the result of numerous conditions. He wanted to perform an EMG but Mr. Edwards refused. Instead, Dr. Walker performed a galvanic skin potential and the results were normal. Ultrasound testing also failed to indicate a specific diagnosis.

Mr. Edwards testified in a June 10, 2013, deposition that he had no injuries to either shoulder prior to January 17, 2011. He stated that he felt right arm pain immediately following the compensable injury. He had surgery and physical therapy. Mr. Edwards testified that he reinjured his right shoulder during physical therapy and had to resort to using his left arm for everything. He stated that while he was moving a trash can, a wheel got stuck, and he injured his left shoulder pulling on the can. An MRI showed a left rotator cuff tear. Mr. Edwards testified that he now has trouble with activities of daily living due to both his shoulders. The claims administrator added rotator cuff sprain/strain and right rotator cuff tear to the claim on August 1, 2013.

Robert Elkins, M.D., performed an independent medical evaluation on August 26, 2015, in which he diagnosed continued neck and shoulder pain, moderate loss of range of motion of the neck and marked range of motion deficits in the right shoulder, and mild symptom magnification. He opined that Mr. Edwards's right wrist and elbow had reached maximum medical improvement.

In an October 14, 2016, treatment note, Daniel Crowe, PA-C, noted that Mr. Edwards was diagnosed with chronic neck pain and right rotator cuff tear. On November 14, 2016, the diagnoses were right rotator cuff tear lumbar intervertebral disc degeneration, and neuropathy.

Michael Kominsky, D.C., performed an independent medical evaluation on June 13, 2017, in which he diagnosed recurrent rotator cuff tear, retraction of the biceps tendon, scapularis tendinopathy, right subscapularis fraying, chronic subacromial hypertrophic changes, lumbar disc protrusion, and contusions of the wright wrist, elbow, and shoulder. Dr. Kominsky opined that Mr. Edwards had reached maximum medical improvement and assessed 22% impairment.

On October 13, 2017, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed chronic post-traumatic right shoulder strain with rotator cuff and biceps tendon tears and chronic post-traumatic strain of the right elbow, right wrist, and lumbosacral spine. Dr. Guberman opined that Mr. Edwards had reached maximum medical improvement and recommended an additional 3% impairment above the 15% previously granted.

Prasadarao Mukkamala, M.D., performed a record review on March 27, 2018, in which he opined that the conditions of right rotator cuff tear, cervical spine pain, and neuropathy should not be added to the claim. Dr. Mukkamala noted that Mr. Edwards tore his rotator cuff and had it repaired. Dr. Mukkamala stated that he was determined to be at maximum medical improvement by several physicians. Dr. Mukkamala opined that there was no credible evidence of a cervical spine injury and no credible evidence that Mr. Edwards developed neuropathy as a result of the compensable injury.

In an April 25, 2018, letter, Mr. Crowe stated that he treated Mr. Edwards for the compensable injury. He tore his rotator cuff on January 17, 2011 and had it repaired. Dr. Edwards explained that on his third physical therapy session, Mr. Edwards retore his rotator cuff during stretching and now needed treatment for the injury.

The claims administrator denied the addition of right shoulder rotator cuff tear, cervical spine pain, and neuropathy to the claim on January 10, 2018. The Office of Judges modified the claims administrator's decision to add right rotator cuff tear to the claim and affirmed the remainder of the decision in its October 9, 2018, Order. The Office of Judges determined that right rotator cuff tear had already been found to be a compensable condition in the claim on August 1, 2013, and this Court noted in a May 7, 2015, memorandum decision that the claim was held compensable for right rotator cuff tear. The Office of Judges therefore found that there was no need to again determine the compensability of the condition. The Office of Judges then determined that cervical pain is a symptom, not a diagnosis and is therefore not compensable. Lastly, the Office of Judges concluded that neuropathy should not be added to the claim. It found that neuropathy is not typically attributed to a traumatic injury and is normally diagnosed by EMG. However, Mr. Edwards refused to undergo an EMG. It also found that Mr. Crowe was the only medical provider to diagnose the condition and that none of the independent medical evaluators of record diagnosed the condition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 26, 2019.

After review, we agree with the decision of the Board of Review. However, the Office of Judges' reasoning, adopted by the Board of Review, is incorrect. Mr. Edwards sustained a rotator cuff injury in the course of his employment. The condition was added to the claim, and he underwent surgery to repair the tear. Mr. Crowe's treatment notes indicate that Mr. Edwards then retore his right rotator cuff in the course of physical therapy. This is a new injury. Because the injury was sustained in the course of physical therapy for a compensable injury, it is compensable. The Office of Judges was correct to find that cervical spine pain should not be added to the claim. It is a symptom, not a diagnosis. The addition of neuropathy to the claim was also properly denied since a preponderance of the evidence indicates the condition is not the result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 26, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING**:

Justice Margaret L. Workman

4